## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrance Adams,   #229165, | ) | C/A No. 3:12-1482-JFA-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Robert M. Stevenson, III, Warden of | ) | |
| Broad River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* petitioner, Terrance Adams, is an inmate with the South Carolina Department of Corrections. He brings this petition under 28 U.S.C. § 2254 challenging his state court sentence of life imprisonment under the South Carolina recidivist statute.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the court should grant the respondent's motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a full recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The parties were advised of their right to file objections to the Report and Recommendation which was entered on the docket on July 31, 2013. The petitioner filed timely objections which the court will address herein.

PROCEDURAL HISTORY

Petitioner is serving a life sentence for various counts of burglary, possession of burglary tools, resisting arrest, and petit larceny. He was found guilty by a jury and sentenced to life imprisonment without parole based on prior convictions for burglary. His conviction was affirmed by the South Carolina Court of Appeals in a remittitur returned on August 22, 2008.

*Post Trial Proceedings*

Subsequent to his conviction, the petitioner filed a state application for Post Conviction Relief (PCR) raising various claims of ineffective assistance of counsel. The petitioner's *pro se* responses were untimely. An evidentiary hearing was held and the PCR judge dismissed the first PCR on April 19, 2010. A petition for writ of certiorari under *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) was filed in the South Carolina Supreme Court raising the claim that trial counsel erred in dissuading the petitioner from testifying in his defense at trial. The remittitur denying certiorari was issued on October 10, 2011.

Petitioner filed a second PCR which was dismissed as untimely and successive under S.C. Code Ann. § 17-27-45(a). Petitioner attempted to appeal that dismissal, but the S.C. Supreme Court informed him that since his second PCR was dismissed for being untimely

2

and successive, Rule 243(c) SCAR required him to provide a written explanation as to why the dismissal was improper. The appeal was dismissed on September 4, 2012. The record contains a *pro se* petition for writ of certiorari dated the following day which does not comply with Rule 243(c).

The present § 2254 petition was filed on June 1, 2012 wherein the petitioner contends that: (1) the trial court erred by denying his motion to suppress evidence at trial; and (2) trial counsel erred in dissuading the petitioner from testifying at trial. Petitioner filed an amended petition on August 6, 2012, contending that: (3)(a) appellate counsel was ineffective for failing to argue a Fourth Amendment violation, failing to argue for a directed verdict, and failing to raise grounds that the prosecutor made improper comments during summation; (3)(b) trial counsel was ineffective for dissuading petitioner from testifying, failing to argue the State's evidence was a fatal variance, and failing to object to the in-court identification; and 3(c) the state prosecutor committed prosecutorial misconduct; (4) petitioner was denied a fair trial and his sentence is unconstitutional; and (5) the trial court lacked subject matter jurisdiction to accept a nolle prossed indictment used to enhance one of his charges.

STANDARD OF REVIEW

*Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir.1990).

4

*The AEDPA and 28 U.S.C. § 2254*

Petitioner filed his petition in this court on June 1, 2012. Therefore, the provisions

of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to this case.

*See* 28 U.S.C. § 2244(d)(1).

The standard of review to be applied is quite deferential to the rulings of the state

courts. Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant

a writ of habeas corpus with respect to a claim adjudicated on the merits in state court

proceedings unless the state court's adjudication:

> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law, as
>        determined by the Supreme Court of the United States, or
>
> (2)    resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented in
>        the State court proceeding.

28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000).

The Supreme Court has explained that a state court adjudication is "contrary" to

clearly established federal law, only if "the state court arrives at a conclusion opposite to that

reached by [the Supreme] Court on a question of law or if the state court decides a case

differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.*

at 413.

An unreasonable application is different from an incorrect application of federal law,

the former being the requisite showing. Therefore, this court may not issue the writ even if

it concludes in its own independent review, that the relevant state court merely made an

5

incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

*Ineffective Assistance of Counsel*

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668, 687-692 (1984). The petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct of the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." *Id.* at 689. As the *Strickland* Court observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . [E]very effort [must] be made to eliminate the distorting effects of hindsight . . .

*Id.* at 689.

*Respondent's Motion for Summary Judgment*

The respondent asserts that a number of petitioner's claims are procedurally barred because they were not properly presented to the South Carolina appellate courts. The Magistrate Judge provides a thorough overview of the theories of exhaustion and procedural bypass in his Report and Recommendation. The Magistrate Judge concludes that the only issues that were properly presented to the South Carolina appellate courts were those presented in the *Anders* brief and *Johnson* petition, i.e,: (1) the trial court improperly denied a motion to suppress evidence resulting from a warrantless search; and (2) trial counsel dissuaded petitioner from testifying at trial. Because the South Carolina appellate courts rejected petitioner's *pro se* briefs on direct appeal and found his PCRs untimely and successive, the grounds raised are barred. Additionally, the petitioner has not shown cause and prejudice or actual innocence to excuse his procedural default.

*Claim 1:  Denial of Motion to Suppress*

Petitioner's first ground is that the trial court erred in denying his motion to suppress in violation of the Fourth Amendment. The Magistrate Judge suggests that petitioner had a full and fair opportunity to raise his Fourth Amendment claims in state court and the motion to suppress was denied after a hearing and on appellate review. Thus, under *Stone v. Powell*, 428 U.S. 465 (1976), this court is precluded from granting habeas relief on petitioner's alleged Fourth Amendment violation.

*Ineffective Assistance of Counsel*

Petitioner next contents that his trial attorney was ineffective because she advised him

7

not to testify at trial in his own defense.  The Magistrate Judge notes that a review of the colloquy from the direct appeal evidentiary hearing reveals that counsel informed the petitioner of his right to testify, stated to the court that she believed he did not wish to testify, and then the petitioner affirmed counsel's remarks.  Moreover, colloquy from the PCR evidentiary hearing reveals petitioner's testimony that his attorney advised him not to testify because the State was going to use his past record against him and that he agreed with this advice.   The state court's finding that counsel was not ineffective was proper and did not involve the improper application of clearly established federal law or and unreasonable application of the facts.  28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000).

After being advised of his right to file objections to the Report and Recommendation, the petitioner has timely filed an objection memorandum.  In this document, the petitioner reasserts his basic claims, but fails to offer any suggestion as to why the Magistrate Judge's recommended disposition is incorrect. This court finds the petitioner's objections to be unavailing and overrules the same.

After carefully reviewing the trial record in this case, the Report and Recommendation of the Magistrate Judge, and the petitioner's objections, the court has concluded that summary judgment is appropriate in favor of the respondent on all claims, and that this action should be dismissed.  The court adopts the Report and Recommendation  and incorporates the same herein by reference.  All objections to the Report and Recommendation are overruled.  Additionally, petitioner's motion to appointment of counsel (ECF No. 39) is

denied.

Petitioner also filed with his objections a motion to alter or amend the judgment (ECF No. 41). As the judgment has not been entered yet, this motion is premature and must be dismissed without prejudice.

Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 11, 2013
Columbia, South Carolina

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).